UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                              Case No. 09-33187
                                                    Chapter 13
MICHAEL WAYNE COLLIER
APRIL LYNN COLLIER,

    Debtors.

## MEMORANDUM OPINION

    Before the court is the chapter 13 trustee's objection to the confirmation of the debtors' plan. The trustee contends that the plan does not provide for the payment of all the debtors' disposable income for the required period. In particular, the trustee alleges that in calculating their disposable income, the debtors deducted from their income an amount equal to the monthly payment to a secured creditor for a debt secured by a recreational 4-wheeler. Trustee maintains that this expense is neither reasonable nor necessary for an effective reorganization and that its deduction results in an understatement of the debtors' disposable income. For the following reasons, the court concludes that the trustee's objection must be overruled.

### Jurisdiction

    The court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 23, 1985). Further, because plan confirmation is at issue here, this court's jurisdiction is extended to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(L).

### Undisputed Facts

    The parties agree that the relevant facts are undisputed, and they have filed a joint stipulation of facts (Doc. #25). The court adopts the parties' stipulated facts as the facts in this case and summarizes them as follows.

    The debtors filed the instant chapter 13 petition for relief on November 19, 2009. The debtors' current monthly income is higher than the median income for a

similarly-sized Alabama household.  Their household consist of the debtors and their two children, ages 11 and 8.  The debtors own a 2007 Yamaha 4-wheeler, which they use for recreational purposes for themselves and their children..

The debtors' proffered plan provides that unsecured creditor receive a *pro rata* distributions totaling $13,000.  That amount represents the debtors' calculation of their monthly disposable income paid over a five-year term.  Under the plan, unsecured creditors will not be paid in full.

In calculating their disposable income, the debtors deducted a monthly payment of $68.13 that is payable to a creditor having a security interest in their 4-wheeler.  If that amount were added to their disposable income calculation, the amount that would be paid to unsecured creditors would increase from $13,000 to $16,920 over the life of the plan.

Legal Conclusions

If the trustee objects, the court cannot confirm a less-than-full payment plan unless that plan provides for the payment of all of a debtor's projected disposable income for the required period.  *See* 11 U.S.C. § 1325(b)(1)(B).  In general, a debtor's disposable income is calculated by deducting reasonably necessary expenses from a debtor's current monthly income.  In cases such as this one, where the debtors' income is above the median for other similarly-sized Alabama households, their reasonably necessary expenses, and thus their disposable income, are determined by importing the so-called "means test" of 11 U.S.C. § 707(b)(2)(A).  *See* Section 1325(b)(3). Under that formula, payments made to secured creditors may be deducted from income to arrive at the disposable income amount.  *See* Section 707(b)(2)(iii).

The trustee contends that under Section 1325(b)(2), only reasonably necessary expenses may be properly deducted from income to arrive at the debtors' disposable income.  In support of that contention, trustee cites to *In re McGillis*, 370 B.R. 720, 730 (Bankr. W.D. Mich. 2007) (holding that the Section 707(b)expenses should not be held to substitute the reasonably necessary requirement of Section 1325(b)).  *See* also *In re Stitt*, 403 B.R. 694 (Bankr. D. Idaho 2008); *In re Namie*, 395 B.R. 594 (Bankr. D. S.C. 2008) (all holding similarly).  Further, in the trustee's view, the deduction of the payment to a secured creditor for a recreational item is inherently unreasonable when unsecured creditors are to be paid an amount less than their full claims.

The debtors counter maintaining that the Section 1325(b) reasonably necessary requirement for expense deduction allowance is not a consideration in above-median income debtor cases. In those cases, according to the debtors, deductions for payments to secured creditors are proper, and the reasonableness or necessity of those payments are specifically defined by the statute.[1] In support of that contention, the debtors cite to *In re Hays*, 2008 WL 1924233 *3 (Bankr. D. Kan. 2008) (holding that the plain language of the statute requires the strict use of the Section 707(b) formula, thereby stripping the court of the use of its discretion in above-median income cases). *See* also *Musselman v. eCast Settle. Corp.*, 394 B.R. 801, 818 (E.D. N.C. 2008) (holding that Section 1325(b)(3) defines what is a reasonably necessary expense for above-median income debtors without resorting to a separate inquiry into the subjective reasonable necessity of a given expense); *In re Moore*, 2008 WL 895668 *3 (Bankr. M.D. N.C. 2008) (holding that there is no requirement under Section 707(b)(2)(A) that monthly payments on secured debts be necessary in order to deduct them in the disposable income calculation).

Hence, the issue presented here is whether in above-median income debtor cases the debtors' reasonably necessary expenses are defined solely by Section 707(b)(2) or is that determination to be made in light of a separate inquiry as to reasonable necessity of a specific expense under Section 1325(b).

The importation of the Section 707(b) means test into above-median income debtor chapter 13 cases has given rise to any number of hotly-litigated issues -- not only in this court but around the country. Recently, the Supreme Court decided a case involving the calculation of disposable income in an above-median income chapter 13 case in *Hamilton v. Lanning (In re Lanning)*, No.08-998, 2010 WL 2243704 (June 7, 2010). While *Lanning* concerned the income side of the disposable income equation, its holding is nevertheless instructive in this case, which involves the expense side of the calculation. Just as reasonably necessary expenses are defined under Section 707(b), the statute defines what constitutes a debtor's current monthly income. In *Lanning* the debtor received a one-time lump sum payment from her employer within the 6-months prior to filing for chapter 13 relief. 2010 WL 2243704 at *5. A strict application of the means test, which employs a six-month look-back formula, resulted in the fixing of the debtor's currently monthly income at a higher amount than was actually available. *Id.* The Court rejected a mechanical approach application of the means test and instead favored the forward-looking approach,

---

[1] The debtors concede that the reasonably necessary test does apply in cases where a default is being cured. *See* § 707(b)(2)(A)(iii)(II).

which gives the bankruptcy court discretion to deviate from the means test when the circumstances of a particular case so warrant. *Lanning* at *9. The Court instructed that:

> " ... a court taking the forward-looking approach should begin by calculating disposable income, and in most cases, nothing more is required. It is only in unusual cases that a court may go further and take into account other known or virtually certain information about the debtor's future income or expenses."

*Id..*

*Lanning* does not furnish a dispositive answer in the case *sub judice*. It does, however, instruct that the means test is the starting point, but that test may be varied under the circumstances of a particular case. It follows that a *per se* rule in which all payments to secured creditors are reasonable necessary deductions under Section 707(b) is not in keeping with the holding in *Lanning*.

Prior to the Court's decision in *Lanning*, the courts in this district have endorsed the forward-looking approach in applying the means test in chapter 13 cases. Under these decisions, the beginning point is with the means test of Section 707(b), but variances from the means test result are available on showing unique circumstances of a particular case. See *In re Spears*, 415 B.R. 855 (M.D. Ala. 2009); *In re Warren*, 207 WL 2683837 (M.D. Ala. Sept. 24, 2009); *In re Strickland*, 2008 WL 205577 (Bankr. M.D. Ala. Jan. 24, 2008); *In re Martin*, 2010 WL 1198389 (Bankr. M.D. Ala. March 19, 2010). For these reasons, the court is of the view that a deduction of a secured debt payment under Section 707(b)(2)(iii) is subject to the reasonably necessary test of Section 1325(b).

Having found that the debtors may not claim a *per se* deduction of the secured debt payment for the 4-wheeler, the court now turns to the question of whether such expense is reasonably necessary under the facts of this particular case. The court notes that the 4-wheeler is used by the debtors and their children for recreational pursuits. If the $68.13 secured payment was allocated among the 4-member household, the payment would amount to $17 per person per month for recreation. As the district court has held in connection with a student loan hardship discharge

case, bankruptcy should not condemn the debtor to a life of abject poverty. See *McLaney v. Ky. Higher Educ. Assn. Auth.*, 375 B.R. 666, 674 (M.D. Ala. 2007). Indeed, the debtor should have the ability to pay for some small diversion or source of recreation. *In re Ivory*, 269 B.R. 890, 899 (Bankr. N.D. Ala. 2001). Therefore, without more, the court cannot find that the debtors' deduction of the rather de minimis $68.13 per month for their family's recreation is unreasonable.

## Conclusion

For these reasons, separate orders will enter overruling the trustee's objection to the confirmation of the debtors' plan and confirming the plan.

Done this the 27th day of June, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Earl Gillian, Jr., Debtors' Attorney
   Sabrina L. McKinney, Trustee's Attorney